UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAMEON DALEY**<br>**FED. REG. #03558-017** | **CIVIL ACTION NO. 2:10-CV-295** |
| **VS.** | **SECTION P** |
| | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on February 11, 2010 by petitioner Dameon Daley. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). Doc. 1. Petitioner is currently incarcerated at USP-Lewisburg (USPL), Lewisburg, Pennsylvania. Doc. 7. However, at the time of filing this petition, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).[1] Doc. 1.

Petitioner names FCIO Warden J.P. Young as his defendant herein. *Id.* In his petition, he alleges violations of his due process rights. More specifically, he states that on April 11, 2008, the U.S. District Court in Pensacola, Florida, granted a motion for reduction of sentence which reduced his sentence from 360 months to 188 months time served. *Id.* Petitioner contends that the final order in regard to said motion should have directed the defendant to release him from custody. *Id.* Instead, the order contained a typographical error reducing his sentence to 292 months rather than 188 months. *Id.* Thus, in the petition pending before this court,

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

1

petitioner states that has remained in custody despite that he has satisfied the requirements of a 188 month prison term. *Id.* He further alleges that his sentence is unlawful because he was never charged with the crimes for which he was sentenced.[2] Petitioner seeks immediate release from custody.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## *Statement of the Case*

The petitioner, Dameon Daley, was convicted by a jury on May 9, 1995 for conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §846. Doc. 7. He was subsequently sentenced to 360 months incarceration. *Id.* Daley subsequently filed a notice of appeal. *Id.* The judgment was affirmed and a mandate was issued on March 22, 1996 by the Eleventh Circuit Court of Appeals. *Id.* There is no indication that Daley appealed this decision to the United States Supreme Court.

Daley filed his first 28 U.S.C. §2255 petition on February 22, 1999. *See United States v. Nelson*, No. 94-3154 (N.D. Fla. Feb. 22, 1999), ECF No. 158. On October 29, 1999, Magistrate Judge Susan M. Novotny recommended that the petition be denied as untimely. *Id.* at ECF No. 177. This Report and Recommendation was adopted by the District Court on November 19, 1999. *Id.* at ECF No. 180. Upon filing his notice of appeal, the Eleventh Circuit affirmed the District Court's decision finding that the §2255 petition was untimely. *Id.* at ECF No. 258.

---

[2] Petitioner advanced this claim for the first time in the present suit in his response to a memorandum order to amend issued by this court on December 6, 2010.

There is no showing that Daley appealed this decision to the United States Supreme Court.

On March 8, 2004, Daley filed his second §2255 petition before the District Court. *Id.* at ECF No. 202. Judge Miles Davis recommended on March 26, 2004, that this petition be dismissed because Daley failed to seek permission from the Eleventh Circuit and because the petition was untimely. *Id.* at ECF No. 206. This Recommendation was adopted by the District Court on April 20, 2004. *Id.* at ECF No. 210. Daley again appealed this decision on June 28, 2004, and the Eleventh Circuit, on September 10, 2004, affirmed the District Court's ruling and denied reconsideration on October 25, 2004. *Id.* at ECF Nos. 214, 232. The United States Supreme Court denied a petition for a writ of certiorari on May 16, 2005. *Daley v. United States*, 125 S.Ct. 228 (2005).

Daley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on January 4, 2005, in the United States District Court, Southern District of Illinois. Daley v. Davis, No. 05-0002 (S.D. Ill. Jan. 4, 2005), ECF No. 1. In that petition, Daley assigned several grounds of reversible error including that he was actually innocent of the crime for which he was convicted because it had been held, by the Supreme Court, to be a noncriminal offense; and, that there was insufficient evidence to support his enhanced sentence, which, he claime,d was beyond the maximum statutory range. *Id.* The petition was denied by the court on December 2, 2005. *Id.* at ECF No. 29.

On March 6, 2008, petitioner filed a motion to reduce sentence. *United States v. Nelson*, No. 94-3154 (N.D. Fla. Mar. 6, 2008), ECF No. 236. On April 11, 2008, the motion was granted to the extent that his sentence was reduced to 292 months. *Id.* at ECF No. 239. Petitioner then filed a motion to reconsider stating that the imposed sentence of 292 months was erroneously

3

calculated as it exceeded the statutory maximum sentence of 240 months. *Id.* at ECF No. 260. The United States District Court for the Northern District of Florida, Pensacola Division, denied the motion to reconsider on September 17, 2008. *Id.* at ECF 264.

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 11, 2010. Doc. 1.

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He implies that the sentence imposed by the United States District Court for the Northern District of Florida (Pensacola) is an unlawful because he was never charged with the crimes for which he was sentenced. Doc. 1. He also claims that the sentencing court erred in not reducing his sentence to 188 months time served. *Id.*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate

4

or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner argues that he is entitled to invoke the "savings clause" because §2255 is inadequate and ineffective, and at the time of his sentencing, he was precluded from arguing the claims raised in his current petition because they were foreclosed by circuit law. That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*Conclusion and Recommendation*

Considering the forgoing, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 9th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE